No. 29,536.

Mary Spak, *Appellee*, v. The Kansas City, Leavenworth & Western Railway Company, *Appellant*.

(293 Pac. 512.)

Opinion filed December 6, 1930.

*McCabe Moore* and *Arthur J. Stanley, Jr.*, both of Kansas City, for the appellant.

*Lee Bond,* of Leavenworth, for the appellee.

The opinion of the court was delivered by

Harvey, J.: This is an action for personal injuries and property damage alleged to have been sustained by plaintiff because of defendant's negligence, as a result of which defendant's electric interurban car collided with plaintiff's automobile driven by her. The jury answered special questions and returned a verdict for plaintiff. Defendant has appealed.

The principal point argued by defendant is that plaintiff was guilty of contributory negligence as a matter of law. At Leavenworth Fourth street is a north-and-south street and a main thoroughfare to the south. It is paved and has on it two electric interurban tracks, one for north-bound cars and the other for south-bound cars. Marion street, an east-and-west street, crosses Fourth street near the south part of the city. It is unpaved, and as it approaches Fourth street from the west there is rather a steep downgrade, and there is quite an embankment with trees on it at the corner north of Marion and west of Fourth street. On the morning in question, because of recent heavy rains, Marion street was muddy, and the traffic from Marion street had carried mud onto the pavement on Fourth street west of the interurban tracks. Plaintiff, who lived a few blocks west of Fourth street on Marion, started to take her children to school, which necessitated her crossing Fourth street at Marion. With the children in her automobile

she drove east on Marion street and down the grade approaching Fourth street. Because it was wet and slippery she drove cautiously at a speed of eight miles per hour. When she reached a point almost to the edge of the pavement on Fourth street, where she could look to the north, she did look and saw defendant's interurban car about 250 feet north approaching at a rapid rate of speed, estimated at 35 to 40 miles per hour. A city ordinance required interurbans not to exceed a speed of 12 miles per hour on this street. Plaintiff thought because of the speed of the interurban car that it was not safe for her to attempt to cross ahead of it, and applied her brakes to stop her automobile. The brakes did stop the wheels, but because of the wet mud on the pavement the automobile went forward with its own momentum and stopped at a place where the front end of it was almost to the west rail of the interurban track. Realizing she was close to the track, plaintiff reversed her car and tried to back away from it, but the rear wheels of the automobile spun and she was unable to move back. The front portion of her automobile was struck by the interurban car, resulting in damages both to plaintiff and to her automobile. The amount allowed plaintiff by the jury, $1,000, is not seriously contested if plaintiff is entitled to recover; hence we need not discuss the extent of her injuries or the damages to her car.

Plaintiff alleged, in substance, in her petition, among other things, that while she was in a place of danger, unable to extricate herself, defendant's motorman saw her in time to have stopped the interurban car before it struck her automobile, and was negligent in not doing so. These allegations laid the foundation for the application of the doctrine of the last clear chance, in the event the evidence disclosed it. But under the evidence in this case, and the findings of the jury, there is no substantial room for the application of that doctrine in this case.

Therefore we shall turn our attention to the principal defense relied upon, namely, plaintiff's contributory negligence. Preliminary to that it must be noted that the record establishes negligence of the defendant in operating its interurban car at an excessive rate of speed in violation of the city ordinance, the reasonableness of which is not questioned. Had the interurban been moving at twelve miles per hour, or less, when plaintiff approached this intersection and saw the interurban car about 250 feet north she would have

had ample time to cross Fourth street ahead of it in safety, but with the interurban car approaching at the speed it was traveling it was dangerous to undertake it, although there is a possibility that she might have succeeded. To have undertaken it, however, under the circumstances, would have been to have raced with the interurban car for the crossing, a plan which this court has repeatedly held to be negligence. It is true, under the evidence in this case, plaintiff was familiar with this crossing, had crossed it at previous times when it was muddy, and knew that it was more difficult to stop her car because of the mud. It is because of that knowledge that she cautiously descended the grade on Marion street; and as she approached Fourth street and could first see the interurban car coming, and realized that it was coming rapidly, she did all she could to stop her car, applying the brakes so hard they held the wheels; and when her car moved forward and stopped she undertook to back away, but was unable to do so. She had but a few seconds to do all this, and that time was rendered short by the negligence of defendant in running its interurban car at the excessive rate of speed. Under these circumstances it cannot be said that the plaintiff was guilty of contributory negligence as a matter of law. Rather it must be said that the question of her negligence was a proper one to submit to the jury. We have examined the authorities cited by counsel, but deem it unnecessary to analyze them here.

The judgment of the court below is affirmed.